# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CARL EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:06-0168 |
| ) | Judge Trauger |
| DAVID DANNER LAW FIRM, LLC, a/k/a ) | Magistrate Judge Griffin |
| David Danner, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

On April 11, 2006, the Magistrate Judge issued a Report and Recommendation, recommending that this case be dismissed without prejudice for failure to state a claim due to lack of subject matter jurisdiction. (Docket No. 5) The plaintiff has filed "Additional Proof" (Docket No. 6), which the court will liberally construe as objections to the Report and Recommendation. The court will examine this additional submittal by the plaintiff and make a *de novo* determination as to whether or not the Magistrate Judge's Report and Recommendation is in error. Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C).

The "additional proof" submitted by this *pro se* plaintiff consists of evidence that might have been used to impeach witnesses at the arbitration proceeding wherein the plaintiff was represented by defendant David Danner, a page from the 2004 Federal Sentencing Guidelines Manual relating to perjury offenses, and several pages of the Tennessee Supreme Court Rules governing the ethical conduct of lawyers. None of these documents helps the plaintiff to establish jurisdiction in this court for his grievance. Moreover, the top document filed by him states that he has no proof "of out-of-state entity," which the Magistrate Judge stated might give this court diversity jurisdiction.

1

In sum, this dispute does not belong in federal court, and this court has no jurisdiction. The plaintiff may consider bringing his allegations of legal malpractice against David Danner either in a state court proceeding or in an ethics complaint filed with the Tennessee Supreme Court Board of Professional Responsibility.

This case is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) for failure to state a claim due to lack of subject matter jurisdiction.

It is so **ORDERED**.

ENTER this 14th day of August 2006.

_____
ALETA A. TRAUGER
U.S. District Judge